IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK J. ROBERTSON,              )
        Petitioner,              )     Civil Action No. 18-69 Erie
                             )
        v.              )
                             )     Judge Susan Paradise Baxter
FCI MCKEAN, WARDEN,              )
        Respondent.              )

## MEMORANDUM

Pending before the Court[1] is a petition for a writ of habeas corpus filed by federal prisoner Frederick J. Robertson ("Petitioner") pursuant to 28 U.S.C. § 2241. (ECF No. 4). He is challenging the sentence imposed upon him by the United States District Court for Northern District of Ohio and asks this Court to vacate it. For the reasons set forth below, the petition is dismissed for lack of jurisdiction.

**A.       Relevant Background**

On 2009, a federal grand jury indicted Petitioner on two counts: Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 921(g)(1) (Count One), and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(C) (Count Two). He pled guilty to both counts of the Indictment and on September 15, 2009, the United States District Court for Northern District of Ohio (the "sentencing court") sentenced him to an aggregate term of 211 months' imprisonment based in part on his designation as a career offender. (ECF No. 8 at 1).

Petitioner appealed his sentence and on August 24, 2010, the United States Court of Appeals for the Sixth Circuit issued an order that affirmed the sentencing court's judgment. (ECF No. 8-1 at 1-5). "In

---

[1]       On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to this Court's docket on September 21, 2018.

June 2016, [Petitioner] filed his first § 2255 motion, seeking to vacate his sentence based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). After the Supreme Court ruled in <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017), that the advisory sentencing guidelines were not subject to vagueness challenges, [Petitioner] withdrew that § 2255 motion." (1/19/18 Order at 1, <u>In re: Frederick J. Robertson</u>, No. 17-3978 (6th Cir. 2018) (available on PACER)).

In June 2017, Petitioner filed another § 2255 motion with his sentencing court in which he contended that "his prior state conviction for possession with intent to deliver a controlled substance no longer qualifies as a 'controlled substance offense' under USSG § 4B1.2(b) based on <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016). (<u>Id.</u> at 2). The sentencing court transferred that motion to the Sixth Circuit Court of Appeals as an application to file a second or successive § 2255 motion. This is in accordance with the 1996 amendments that the Antiterrorism and Effective Death Penalty Act ("AEDPA") made to § 2255, which bar a federal prisoner from filing a second or successive § 2255 motion unless the appropriate court of appeals first certifies the filing contains a claim based on either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). <u>See</u> <u>also</u> 28 U.S.C. § 2244(a).

On January 19, 2018, the Sixth Circuit Court of Appeals denied Petitioner authorization to file a second or successive § 2255 motion. (1/19/18 Order at 1-3, <u>In re: Frederick J. Robertson</u>, No. 17-3978). It held: "[Petitioner] does not offer any newly discovered evidence in support of his motion, relying instead on the 'new rule' clause found at § 2255(h)(2). But the Supreme Court did not promulgate a new

rule of constitutional law in <u>Mathis</u>, which was a case of statutory interpretation governed by precedent." (<u>Id.</u> at 2).

Petitioner is incarcerated at FCI McKean, which is located within the territorial boundaries of this Court. In the petition for a writ of habeas corpus that he filed with this Court pursuant to 28 U.S.C. § 2241, he once again challenges his career offender sentence under <u>Mathis</u>. (ECF No. 4 at 6-7). As relief, he seeks an order from this Court that vacates his sentence and that remands his case to the sentencing court for resentencing. (<u>Id.</u> at 8). Respondent has filed his answer (ECF No. 8), in which he contends that this Court must dismiss the petition for lack of jurisdiction, and Petitioner has filed his reply (ECF No. 9).

**B.     Discussion**

For federal prisoners, "[t]he 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." <u>McGee v. Martinez</u>, 627 F.3d 933, 935 (3d Cir. 2010); <u>see</u> <u>e.g.</u>, <u>Cardona v. Bledsoe</u>, 681 F.3d 533, 535-38 (3d Cir. 2012). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." <u>Cardona</u>, 681 F.3d at 535. Section 2255 motions must be filed in the federal district court that imposed the conviction and sentence the prisoner is challenging. 28 U.SC. § 2255(a). In contrast, a habeas corpus action pursuant to § 2241 must be brought in the custodial court (the federal district court in the district the prisoner is incarcerated). <u>Bruce v. Warden Lewisburg USP</u>, 868 F.3d 170, 178 (3d Cir. 2017).[2]

---

[2]     Section 2241 petitions must be filed in the federal district court in the district the prisoner is incarcerated because:

[t]he prisoner must direct his [§ 2241] petition to "the person who has custody over him." § 2242; <u>see also</u> <u>Wales v. Whitney</u>, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885); <u>Braden v. 30th Judicial Circuit Court of Ky.</u>, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Longstanding practice under

*Continued on next page*

Importantly, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As the United States Court of Appeals for the Third Circuit explained in Bruce v. Warden Lewisburg USP, 868 F.3d 170 (3d Cir. 2017), prior to § 2255's enactment, federal prisoners seeking habeas relief could only do so by filing a petition under § 2241 in the federal district court in the district the prisoner was incarcerated. 868 F.3d at 178. "An increase in the number of federal habeas petitions produced serious administrative problems and overburdened the few district courts in the jurisdictions with major federal prisons." Id. (citing United States v. Hayman, 342 U.S. 205, 210-19 (1952)). To alleviate that burden, Congress in 1948 enacted § 2255:

> A new remedial mechanism, § 2255 "replaced traditional habeas corpus for federal prisoners (at least in the first instance) with a process that allowed the prisoner to file a motion with the sentencing court on the ground that his sentence was, *inter alia*, imposed in violation of the Constitution or laws of the United States." Boumediene v. Bush, 553 U.S. 723, 774, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008) (internal quotation marks omitted). The statute's "sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." Hayman, 342 U.S. at 219, 72 S.Ct. 263; see also Hill v. United States, 368 U.S. 424, 427, 428 n.5, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (describing the § 2255 remedy as "exactly commensurate" with § 2241's writ of habeas corpus); United States v. Anselmi, 207 F.2d 312, 314 (3d Cir. 1953).
>     So it is that a federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255.

---

this immediate custodian rule 'confirms that in habeas challenges to present physical confinement...the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Rumsfeld v. Padilla, 542 U.S. 426, 435, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004). And under the statute's jurisdiction of confinement rule, district courts may only grant habeas relief against custodians "within their respective jurisdictions." § 2241(a); see also Braden, 410 U.S. at 495, 93 S.Ct. 1123 ("[T]he language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian.").

Bruce, 868 F.3d at 178.

Id. Therefore, federal prisoners incarcerated within the Third Circuit can challenge the validity of their convictions in a § 2241 habeas petition only in the very limited circumstances discussed below. 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 248-52 (3d Cir. 1997); Bruce, 868 F.3d at 178-80.

The Third Circuit Court of Appeals has explained that "§ 2241 confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but *the execution of his sentence*." Cardona, 681 F.3d at 535 (internal quotations and citations omitted) (emphasis added); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005) (defining "execution of" the sentence to mean "'put into effect' or carry out.'"). This means that a federal prisoner incarcerated within the Third Circuit may litigate in a § 2241 habeas proceeding two types of claims.

The first type of claim is one that challenges conduct by the Federal Bureau of Prisons (the "BOP") that affects the duration of the prisoner's custody. For example, a prisoner can challenge in a § 2241 habeas proceeding the manner in which the BOP is computing his federal sentence, see, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990), or the constitutionality of a BOP disciplinary action that resulted in the loss of good conduct sentencing credits, see, e.g., Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008). Petitioner did not raise this type of claim in his petition for a writ of habeas corpus.

The second type of claim is one that challenges BOP conduct that the prisoner contends "conflict[s] with express statements in the applicable sentencing judgment." Cardona, 681 F.3d at 536; McGee, 627 F.3d at 935-37; Woodall, 432 F.3d at 243. The prisoner must "allege that [the] BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona, 681 F.3d at 537; id. at 536 ("The petitions in Woodall and McGee both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment. That is, both petitions claimed that the BOP was not properly 'putting into effect' or 'carrying out' the directives of the

sentencing judgment.") (internal quotations, altered text, and citations omitted). Petitioner did not raise this type of claim in his petition for a writ of habeas corpus.

Importantly, § 2255 expressly prohibits a court from entertaining a § 2241 petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause." See, e.g., Bruce, 868 F.3d at 174, 178-79.

In its landmark decision In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the Third Circuit Court of Appeals recognized the one circumstance under which it has found § 2255's remedy to be inadequate of ineffective since AEDPA amended § 2255 in 1996 to include a one-year statute of limitations and the prohibition against the filing of second or successive motions. The petitioner in Dorsainvil, Ocsulis Dorsainvil, was convicted, *inter alia*, of using a gun in connection with a drug crime under 18 U.S.C. § 924(c)(1). He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated his first § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted (18 U.S.C. § 924(c)(1)) to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

After the Supreme Court issued Bailey, Dorsainvil applied to the court of appeals for authorization to file in the district court a second or successive § 2255 motion. The court had no choice but to deny his request because he could not satisfy AEDPA's gatekeeping requirements for the filing of a second or successive § 2255 motion. That was because the decision in Bailey was one of statutory construction and, therefore, did not constitute "a new rule of constitutional law…that was previously

6

unavailable[.]"[3] Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)). Under these circumstances, the court of appeals determined that Dorsainvil had established that § 2255 was "inadequate or ineffective" to test the legality of his detention and, as a result, he could bring his claim in a § 2241 habeas corpus petition:

> A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "*if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255.*" Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").
>
> The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."

---

[3] Whether Bailey could be applied "retroactively" to Dorsainvil was not an issue because it was a case of statutory construction. Bousley v. United States, 523 U.S. 614, 620-21 (1998). See also Rivers v. Roadway Express, Inc., 511 U.S. 298, 312-13 (1994) ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction.") The issue in Dorsainvil was what mechanism (a § 2255 motion or a § 2241 habeas petition) he could use, if any, to have his claim under Bailey heard by a court.

There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

Id. at 250-51 (emphasis added).

In its recent decision in Bruce, the Third Circuit Court of Appeals set forth the two conditions that a federal prisoner confined within the Third Circuit must satisfy post-Dorsainvil in order to have his case fall within § 2255's savings clause. "First, a prisoner must assert a 'claim of 'actual innocence' on the theory that 'he is being detained *for conduct that has subsequently been rendered non-criminal* by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision'–in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review." Bruce, 868 F.3d at 180 (emphasis added) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013), which quoted Dorsainvil, 119 F.3d at 252). "[S]econd, the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Id. (quoting Tyler, 732 F.3d at 246). "Stated differently, the prisoner has 'had no earlier opportunity *to challenge his conviction for a crime that an intervening change in substantive law may negate*.'" Id. (quoting Dorsainvil, 119 F.3d at 251) (emphasis added).

Petitioner cannot satisfy these conditions because, unlike the petitioners in Bruce and in Dorsainvil, he is not asserting that he is being detained for conduct that has subsequently been rendered non-criminal by intervening precedential caselaw interpreting the statute under which he was convicted. Therefore, the Court must dismiss his petition for lack of jurisidiction. The fact that Petitioner has not, or cannot, receive authorization to file a successive § 2255 motion is not, in and of itself, a sufficient ground to render § 2255 "inadequate or ineffective." Dorsainvil, 119 F.3d at 251 ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of [AEDPA's

amendments to] § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."); Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017) ("Adopting [the petitioner's] approach–under which all sentencing issues based on new Supreme Court decisions could be raised via § 2241 petitions–would [short-circuit § 2255's gatekeeping requirements]. The exception would swallow the rule that habeas claims presumptively must be brought in § 2255 motions.")

Finally, the Court notes that the courts of appeals are split on the application of the savings clause. Bruce, 868 F.3d at 179-82; id. at 180. And, even among those courts of appeals that permit prisoners incarcerated within their circuits to bring statutory-interpretation based actual innocence claims via a § 2241 petition (by way of § 2255's savings clause) (such as the Third Circuit Court of Appeals), there is a split regarding whether in some limited circumstances the savings clause should apply to statutory-interpretation based *sentencing claims*, or only to claims that challenge the underlying conviction. The Third Circuit Court of Appeals has thus far declined to extend § 2255's savings clause to circumstances in which the petitioner is challenging his sentence, as opposed to arguing that he is actually innocent of the crime for which he was convicted. Gardner, 845 F.3d at 103 (petitioner could not challenge his sentence based upon Alleyne v. United States, 570 U.S. 99 (2013) in a § 2241 habeas petition and rejecting the petitioner's argument that "if Congress had intended to limit § 2255's savings clause only to 'actual innocence' claims, the legislature would have drafted the statute differently."); Okereke, 307 F.3d at 120-21 (Dorsainvil's interpretation of § 2255 provides only a narrow exception to its presumptive exclusivity, and holding that the petitioner could not challenge his sentence under

Apprendi v. New Jersey, 530 U.S. 466 (2000) in a § 2241 habeas petition); Murray v. Warden Fairton FCI, 710 F. App'x 518, 520 (3d Cir. 2018) ("We conclude that the District Court properly rejected the petition as it related to [the petitioner's] 'Mathis' claim, too. We have not held that innocence-of-sentence claims fall within the exception to the rule that habeas claims must be brought in § 2255 motions."), cert. denied sub nom. 138 S.Ct. 2007 (2018).

The result of all of this is that, at the present time and as the Third Circuit Court of Appeals recognized in Bruce, similarly-situated federal prisoners may receive different treatment by happenstance of the circuit in which they find themselves to be incarcerated. 868 F.3d at 180-81. As the court of appeals explained, "by enacting § 2255 Congress sought to alleviate the inefficiencies that attend § 2241's immediate custodian and district of confinement rules. Now those difficulties have returned, though in a new form. *And so they will remain, at least until Congress or the Supreme Court speaks on the matter*." Id. at 181 (emphasis added).[4]

---

[4]    Recently, in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), the Fourth Circuit Court of Appeals held that "2255(e) must provide an avenue for prisoners to test the legality of their sentences pursuant to § 2241," id. at 428, and it set forth four factors that must be met in order for a court within its circuit to find that § 2255 is inadequate and ineffective to test the legality of a sentence. Id. at 429. The Solicitor General, on behalf of the United States, filed a petition for a writ of certiorari, which is pending before the Supreme Court of the United States. In the petition, the Solicitor General wrote that "[t]he government recognizes that adherence to the statutory text [of § 2255(h)] may lead to harsh results in some cases[,]" and explained that "[t]he Department of Justice is working on efforts to introduce legislation that would enable some prisoners to benefit from the later-issued, non-constitutional rules announced by [the Supreme] Court. Petition For a Writ of Certiorari at 22-23, United States v. Wheeler, No. 18-420 (Oct. 3, 2018).

**C.      Conclusion**

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed for lack of jurisdiction.[5] An appropriate Order follows.


|                          | /s/ Susan Paradise Baxter |
|--------------------------|---------------------------|
| Dated: March 8, 2019     | SUSAN PARADISE BAXTER     |
|                          | United States District Judge |

---

[5]      28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).